UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN HARDMAN,

Defendant.

CASE NO. 3:25-cr-5166-DGE

DETENTION ORDER RE: VIOLATION OF CONDITIONS OF BOND

THIS MATTER comes before the Court for a hearing on alleged violations of pretrial release. The Government moved to revoke the pretrial bond, based on the November 7, 2025 Petition and Report of the United States Pretrial Officer (Dkt. 216, 217), alleging that the defendant violated the conditions of supervision on the pretrial bond filed on August 8, 2025 by Magistrate Judge David Christel (Dkt. 12). The Pretrial Officer, and the Assistant United States Attorney, recommended revocation of bond, and detention. The Government appeared through Assistant United States Attorneys Max Shiner and Crystal Correa. The defendant appeared personally and was represented by counsel, Nicholas Marchi.

Mr. Hardman stands charged with Conspiracy to Distribute Controlled Substances, including methamphetamine, fentanyl, heroin, and cocaine (Count 1); and Possession of Controlled Substances with Intent to Distribute including 400 grams or more of a mixture or substance containing a detectable amount of fentanyl (Count 47). Dkt. 121, First Superseding Indictment, at 2, 29.

The Court considered the relevant factors under 18 U.S.C. §§ 3148 and 3142(g).

Under Section 3148(b), if there are allegations that a defendant has violated a condition of pretrial release, the government may move for revocation of the bond and the Court may order the person detained after a hearing if the Court determines that:

- There is probable cause to believe the person "has committed a Federal State, or local crime while on release; or . . . clear and convincing evidence that the person has violated any other condition of release".
- In addition to the determination described above, the Court would have to determine, "(A) based on the factors set forth in section 3142(g). . . there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community"; or the Court must find, "(B) the person is unlikely to abide by any condition or combination of conditions of release."

In this case, as to violation one, the Court finds probable cause to believe Mr. Hardman has committed a Federal State, or local crime while on release, the offense of possession of fentanyl. The Court also finds by clear and convincing evidence that the defendant violated a condition of supervision by possessing fentanyl. Defendant tested

positive (confirmed by the lab) on two dates: October 3, and 20, 2025. Dkt. 217 at 1. The defendant's proffer during the hearing was that perhaps there had been fentanyl in a jacket he was wearing at the locations where defendant was living at that time. Yet U.S. Pretrial Officer Beetham indicated there was evidence Mr. Hardman had been compliant on other occasions – testing negative October 16 and 31; November 4, 18, and 24; and on December 2, 2025. Officer Beetham stated that Mr. Hardman changed residences sometime in late October. The Court finds Mr. Hardman's proffer to be not credible or reliable evidence, it is pure speculation whether there was any fentanyl located in a jacket or on the premises on October 3 or October 20, 2025 in the places the defendant was living.

    The Court also finds by clear and convincing evidence that the defendant violated conditions of supervision by possessing and consuming marijuana on October 17 and alcohol on October 3, 2025 (violations two and three). The results of tests for marijuana and alcohol on  were uncontested by Mr. Hardman, Dkt. 217 at 1-2; although he did not formally admit to these alleged violations, during the hearing he did not proffer any response to violations numbered two and three.

    Regarding violation four, the Court declines to find a violation of the treatment condition. According to Officer Beetham, Mr. Hardman had a rocky start with his treatment but later turned the corner and participated regularly. The defendant proffered evidence from Mr. Baker, the defendant's sponsor in substance use disorder treatment, that Mr. Hardman was doing well and committed to his treatment. Therefore the Court will dismiss violation four and finds it was not committed.

[lines 23–24 redacted]

1 
2
3
4
5
6
7
8

9     The Court also considered whether the risks posed by the defendant may be
10 mitigated and whether there is a condition or combination of conditions that would allow
11 the defendant to safely remain on bond.

12     Under Section 3142(e)(3)(A), there is a rebuttable presumption of detention if the
13 defendant is charged with conspiracy to distribute controlled substances. The defendant
14 bears the burden of production to present some evidence to rebut the presumption, but
15 the government always bears the burden of persuasion. The Court four factors are: 1.
16 Nature and seriousness of the charges; 2. Weight of the evidence against the
17 defendant; 3. History and characteristics of the defendant; and 4. "Nature and
18 seriousness of the danger to any person or the community that would be posed by the
19 person's release." 18 U.S.C. § 3142(g)(1)-(4).

20     The Bail Reform Act recognizes that release should be the normal course,
21 and "detention prior to trial or without trial is the carefully limited exception." *United*
22 *States v. Salerno,* 481 U.S. 739, 755 (1987). In evaluating whether the defendant
23 poses a serious potential for dangerousness, it is unnecessary for the government
24

to produce, or for the Court to rely on, evidence of prior convictions for violent crimes. *United States v. Hir,* 517 F.3d 1081, 1091-92 (9th Cir. 2008).

The Court finds by clear and convincing evidence that the defendant poses a risk of danger to others or to the community. The offenses charged in the indictment indicate drug and alcohol use behavior; the Assistant United States Attorney stated during the hearing that obtaining fentanyl – which is only available as a street drug (without a prescription) -- would be more difficult than obtaining alcohol or marijuana which are more commonly sold in local stores. The Complaint (Dkt. 1) shows the quantity of fentanyl involved in the offense was enormous. Fentanyl is a powerfully potent synthetic opiate, and the facts of the charged offense, and behavior of the defendant in violating conditions of pretrial release indicate the defendant is still involved with this synthetic opiate, and this poses threat to an individual or the community. *See United States v. Brown,* 538 F. Supp. 3d 154, 167-168 (Dist. D.C. 2021) (recognizing fentanyl is a synthetic opiate, significantly more potent than heroin, it is so deadly that only two milligrams would be a lethal dose, and it poses extreme risks of overdose).

Even with conditions such as drug and alcohol treatment, or electronic tracking by which the defendant's whereabouts could potentially be monitored, the Court finds by a preponderance of the evidence there is no condition or combination of conditions that would reasonably ensure safety of other persons and the community. The violations alleged in the petition and report of November 7, 2025 are serious, including: drug (Fentanyl, and marijuana) use, and alcohol use. ████████████████████████████████████████

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆ The Court considered whether additional supports — such as further treatment – would mitigate the risk of flight or non-appearance and mitigate the risk to the safety of others and the community.

While such conditions allow U.S. Pretrial Officers to work closely with an individual, the defendant's behavior has shown that the Court's many detailed conditions of pretrial release were not followed by the defendant and he continued to take dangerous actions. The Court therefore also finds by a preponderance of evidence Mr. Hardman is unlikely to abide by any condition or combination of conditions of release.

It is therefore **ORDERED**:

(1)  Defendant's pretrial bond is revoked; he shall be detained and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2)  Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)　The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

Dated this 22nd day of December, 2025.

_Theresa L. Fricke_
Theresa L. Fricke
United States Magistrate Judge